UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| KATHRYN RICE, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 3-11-403 |
| | § | |
| SHIRLEY BOBYK, *et al*, | § | |
| | § | |
| Defendants, | § | |
| | § | |
| VICKEY RICE, | § | |
| | § | |
| Intervenor. | § | |

## <u>MEMORANDUM AND ORDER</u>

Plaintiff Kathryn Rice and Intervenor Vickey Rice are competing for the right to sue Defendants Shirley Bobyk and Imperial Transport Company, Ltd., for the wrongful death of Roger Dale Rice, who was killed when his motorcycle collided with an Imperial Transport truck driven by Bobyk.[1] Each claims that she is Roger's surviving spouse and thus the proper party to bring suit under the Texas wrongful death statute.

However, while this case was pending, the County Court of San Jacinto County, Texas, which was considering Kathryn's and Vickey's competing applications to be Roger's heir, ruled that Kathryn was never divorced from Roger and remained his legally married spouse, and thus that

---

[1] Though the Court's general practice is to refer to parties by their last names, it will refer to the Rices by their first names to avoid confusion.

1

Vickey's marriage to Roger was void. It additionally held that Vickey was not a good faith putative spouse. Although Vickey argues that the county court's judgment was incorrect and has appealed that judgment in the state system, Vickey is collaterally estopped from relitigating whether she was Roger's legal or putative spouse. Thus, she cannot be a proper party to sue Defendants.

## I.   BACKGROUND

Kathryn and Roger were married on February 14, 1990 and eventually had two children together. The couple separated in 2000, and Kathryn filed a petition for divorce that was ultimately dismissed for want of prosecution. Roger filed his own petition for divorce in 2004. That petition was also dismissed for want of prosecution. There is no indication that the couple ever finalized a divorce, and no party has been able to locate a divorce decree.

Sometime after separating from Kathryn, Roger began living with Vickey. Roger allegedly suffered a serious head injury in January 2005 and became financially and physically dependent on Vickey. Vickey and Roger obtained a marriage license and held a formal marriage ceremony in February 2005. Vickey alleges that Roger told her he was divorced from

Kathryn, and that Roger referred to Kathryn as his "ex-wife."  Docket Entry No. 34 at 5 n.3; Docket Entry No. 34-3.

Although Roger did not work after his 2005 injury, he eventually recovered enough to ride his motorcycle.  Tragically, on August 15, 2011, Roger died when his motorcycle collided with an eighteen-wheeler allegedly owned by Defendant Imperial Transport and operated by Defendant Bobyk. Kathryn, who allegedly learned of Roger's death from Vickey, filed a survival and wrongful death suit against Defendants in this Court on August 30, 2011.

On November 2, 2011, Vickey filed a probate proceeding in the County Court of San Jacinto County, Texas.  In it, she asked the court to declare her Roger's surviving spouse and heir.  Kathryn objected and filed her own application to be declared the surviving spouse and heir.  Kathryn also requested that the court appoint her administrator of Roger's estate.

In January 2012, while the probate proceeding was ongoing, Vickey was allowed to intervene in this suit in order to assert her own survival and wrongful death claims against Defendants.  However, in April 2012, the probate proceeding was decided in favor of Kathryn.  The court held that Roger's marriage to Kathryn had never been dissolved, and thus that Vickey's marriage to Roger was not valid under Texas law.  *See* Docket

3

Entry No. 27-1.  That court further held that Vickey had not entered into her purported marriage to Roger in good faith, and thus could not qualify as a putative spouse under Texas law.  *See* Docket Entry Nos. 27-3, 27-4. Subsequently, in May 2012, it appointed Kathryn the administrator of Roger's estate.

Shortly after that ruling, on May 17, 2012, Kathryn filed her motion for summary judgment on Vickey's claims in this suit.  Kathryn argues that she is the only person who can file a claim against Defendants for Roger's wrongful death because there is no genuine dispute that she and Roger ever divorced and Vickey was not Roger's putative spouse.  She further argues that summary judgment is appropriate because Vickey is precluded from relitigating these issues.  Vickey does not contest Kathryn's status as the proper party to bring the survival action given the appointment of Kathryn as administrator of Roger's estate, but does oppose summary judgment on her wrongful death claim.

## II.   COLLATERAL ESTOPPEL

Under Texas's wrongful death statute, a wrongful death suit may only be brought by one of the persons designated as a proper party by the "surviving spouse, children, and parents of the deceased."  Tex. Civ. Prac. & Rem. Code Ann. § 71.004(a).  Thus, if Vickey is not deemed Roger's

spouse, she has no standing to bring a wrongful death suit under Texas law.[2] *Shepherd v. Ledford*, 962 S.W.2d 28, 31–32 (Tex. 1998).

Although the parties have extensively briefed the merits of Vickey's claim that she was either Roger's legal or putative spouse, those claims have already been addressed and decided by the county court in the probate proceeding. That state court ruling implicates the doctrine of collateral estoppel. Collateral estoppel, or issue preclusion, "prevents parties from re-litigating the same issues conclusively determined between them in a previous action." *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 572 (5th Cir. 2005) (quoting *Petro–Hunt, L.L.C. v. United States*, 365 F.3d 385, 396 (5th Cir. 2004)). By doing so, it "protects parties from multiple lawsuits and the possibility of inconsistent decisions, and it conserves judicial resources." *Lytle v. Household Mfg., Inc.*, 494 U.S. 545, 553 (1990) (citation omitted). Because Kathryn and Vickey have recently litigated this exact issue against each other in the county court, which routinely applies the state marriage laws that decide this issue, it is appropriate to utilize collateral estoppel to resolve this suit.

---

[2] Vickey argues that she is entitled to sue as a spouse under the wrongful death statute if she is either the legally recognized spouse or a putative spouse, though she acknowledges that no published Texas opinion holds that a putative spouse has standing under the statute. This Court need not resolve the legal question of whether a putative spouse can pursue a wrongful death suit because the state court holding precludes Vickey from establishing as a factual matter that she is a putative spouse.

In determining whether a state court judgment can be used to invoke collateral estoppel, federal courts apply the preclusion law of the appropriate state, in this case, Texas. *See In re Plunk*, 481 F.3d 302, 307 (5th Cir. 2007) (citation omitted). Texas law prevents parties from relitigating issues that they previously litigated and lost. *See Quinney Elec., Inc. v. Kondos Entm't, Inc.*, 988 S.W.2d 212, 213 (Tex. 1999) (per curiam) (citing *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 329 (1979)). The party invoking collateral estoppel under Texas law "must establish that (1) the facts sought to be litigated in the second action were fully and fairly litigated in the first action; (2) those facts were essential to the judgment in the first action; and (3) the parties were cast as adversaries in the first action." *John G. and Marie Stella Kenedy Mem'l Found. v. Dewhurst*, 90 S.W.3d 268, 288 (Tex. 2002) (citations omitted). The second and third elements of the standard are undisputed in this case; the county court's decision relied on its holding that Vickey was not Roger's legal or putative spouse, and there is no question that Kathryn and Vickey were adversaries in that proceeding.

The first element of the standard is also easily found. Under *Mower v. Boyer*, 811 S.W.2d 560 (Tex. 1991), the factors considered in analyzing this element are "(1) whether the parties were fully heard, (2) that the court supported its decision with a reasoned opinion, and (3) that the decision was

subject to appeal or was in fact reviewed on appeal." *Id.* at 562 (citations omitted). On balance, the probate proceeding satisfies these factors. First, Vickey had a chance to be fully heard; as she admits, the court conducted "a one day hearing to determine legal heirs . . . for the purpose of identifying persons entitled to inherit under intestate law and considered testimony regarding the appointment of an estate representative." Docket Entry No. 34 at 12; *see also* Docket Entry No. 27-4 (noting that the county court considered "the pleadings, evidence, testimony, objections, and arguments of counsel" in reaching its decision). The second factor is, at worst, neutral, for even though the county court did not issue an opinion, it did enter detailed findings of fact and conclusions of law at Vickey's request. *See* Docket Entry No. 27-3. Finally, the county court's ruling was an appealable final judgment and, in fact, is currently on appeal.

Given that, as the Fifth Circuit has noted, "Texas has not hesitated to give default civil judgments preclusive effect, in spite of the cursory nature of the adjudication leading to those judgments," there is little doubt that the probate proceeding satisfies Texas's relaxed standard for "full and fair litigation." *State Farm Fire and Cas. Co. v. Fullerton*, 118 F.3d 374, 381–82 (5th Cir. 1997). Indeed, one Texas court recently went so far as to give preclusive effect to a mere stipulation. *See Bomar Oil and Gas, Inc. v. Loyd*,

2012 WL 3100903, at *2–3 (Tex. App.—Amarillo July 31, 2012, pet. filed). In contrast, Vickey was able to present documentary evidence and give testimony at a hearing; the court gave detailed findings of fact and conclusions of law, and the court's ruling was appealable. This is sufficient to find that the issue of Vickey's purported status as Roger's legal and putative spouse was fully and fairly litigated in the probate proceeding. *Cf. Spillers v. Webb*, 979 F. Supp. 494, 499 (S.D. Tex. 1997) ("The fact that Plaintiff presented a substantial amount of evidence . . . indicates that he had an opportunity to be fully heard."). Because all the elements of collateral estoppel are satisfied, Vickey is bound by the county court's decision that she is not Roger's legal or putative spouse and thus has no standing to be a wrongful death plaintiff under Texas law.

Vickey's pending appeal of the county court's decision does not affect this outcome. The Texas Supreme Court, notwithstanding the risk that a judgment given preclusive effect may be reversed on appeal, has adopted the Restatement's view that "a judgment is final for the purposes of issue and claim preclusion 'despite the taking of an appeal unless what is called an appeal actually consists of a trial de novo.'" *Scurlock Oil Co. v. Smithwick*, 724 S.W.2d 1, 6 (Tex. 1986) (quoting RESTATEMENT (SECOND) OF JUDGMENTS § 13)).

The pendency of the state court appeal does, however, affect how the Court disposes of Vickey's claim. While adopting the Restatement position that a judgment is given preclusive effect even when it is being appealed, the *Scurlock* court did counsel that a "judgment in a second case based on the preclusive effects of a prior judgment should not stand if the first judgment is reversed." *Id.* Given the possibility that Vickey may yet prevail on appeal, the Court will dismiss her claim without prejudice to being refiled in the event that the county court's decision is reversed on appeal. *Cf.* 18A CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 4433 (3d ed. 2002) (citing cases where courts gave parties leave to move to reopen if the judgments given preclusive effect were later reversed on appeal). Such a dismissal, rather than entry of summary judgment, is also consistent with the common litigation posture in which both standing and preclusion issues are decided at the Rule 12 stage. *See, e.g.*, *Dean v. Teeuwissen*, 479 Fed. App'x 629 (5th Cir. 2012) (affirming Rule 12(b)(6) dismissal on claim preclusion grounds); *Norris v. Hearst Trust*, 500 F.3d 454 (5th Cir. 2007) (affirming Rule 12(b)(6) dismissal on the grounds of both claim preclusion and lack of antitrust standing).

## III.   CONCLUSION

For the foregoing reasons, Intervenor Vickey Rice's claims are **DISMISSED** without prejudice to being refiled in this Court in the sole event that the judgment of the County Court of San Jacinto, Texas, Cause No. P11-74, holding that Vickey Rice was neither the legal nor the putative spouse of Roger Dale Rice, deceased, is vacated or reversed on appeal.

**IT IS SO ORDERED**.

**SIGNED** this 21st day of November, 2012.

Gregg Costa
United States District Judge